Charles Robert CHAPMAN, Petitioner,

v.

The STATE OF TEXAS et al.,
Respondents.

Civ. A. No. 63–H–576.

United States District Court
S. D. Texas,
Houston Division.

May 6, 1965.

John A. Barrett, Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen. of Texas, Austin, Tex., and Sam R. Wilson, Asst. Atty. Gen. of Texas, Houston, Tex., for respondents.

INGRAHAM, District Judge.

Petitioner, Charles Robert Chapman, is a prisoner in state custody pursuant to a judgment and sentence of the Criminal District Court of Jefferson County, Texas, in Cause No. 23311. He was indicted and pled guilty in three causes—23309, 23310, and 23311. He was represented by counsel of his own choosing, and waived a jury, confrontation of witnesses, and agreed to the offer of statements and other physical evidence by the state. Sentence was entered on March 24, 1961, and petitioner was to serve not less than two nor more than five years in prison.

On July 10, 1961, petitioner filed with the Criminal District Court of Jefferson County some papers styled a petition for writ of habeas corpus. These were forwarded on to the Court of Criminal Appeals. The papers were there treated as an application for writ of mandamus, seeking an order requiring the clerk to enter petitioner's notice of appeal. On December 5, 1961, Judge Woodley, of the Texas Court of Criminal Appeals, entered an order granting the writ of mandamus and directing the trial court to enter notice of appeal as of March 24, 1961. Petitioner then filed a number of papers with the court, including a motion for appointment of counsel. Although the records do not indicate that an attorney was appointed, the Texas Court of Criminal Appeals heard the appeal and reversed the convictions in causes numbered 23309 and 23310. The conviction was upheld in cause number 23311, and an opinion affirming the judgment was delivered on February 14, 1962. The parties have stipulated that petitioner then exhausted all remedies available to him in the courts of the State of Texas so far as the issues raised in this hearing, relating to the conviction in cause No. 23311, are concerned.

Chapman then petitioned this court for a writ of habeas corpus. The petition was filed on November 4, 1963, and petitioner was allowed to proceed in forma pauperis. Upon application of petitioner, a member of this bar, Mr. John Barrett,* was appointed to represent him in this court only. Petitioner's motion for continuance was granted on December 20, 1963, and an extension of time was given in which petitioner might reply to respondents' answer. A plenary hearing was set for May 18, 1964, and petitioner appeared with his attorney, moving for a further continuance so as to exhaust his state remedies on a number of issues he desired to present to this court. The motion for continuance was granted, the next plenary hearing being set for February 23, 1965. The hearing was held, oral evidence taken and arguments made on March 4 and 5, 1965. Petitioner's attorney filed a trial brief at that time, to which respondents have not replied. Petitioner presented to the court an extensive list of alleged violations of his constitutional right. Each issue presented by petitioner was considered by the court at the time of the hearing and the court's holding will be found in the record. The court ruled against petitioner on each point except one, and it is that single issue with which this memorandum is concerned.

Petitioner alleges that he was not afforded his constitutional rights on appeal of his case, when the appeal was heard without the assistance of counsel.

---

* Mr. Barrett is recognized for his diligent and painstaking efforts on behalf of petitioner.

Some elaboration of the facts concerning petitioner's appeal seems appropriate. Chapman was represented by an attorney of his own choosing, Mr. A. L. Bevil, at the time of his trial. The attorney was paid by petitioner's grandfather. Mr. Bevil testified at the plenary hearing held in this court, and a prior affidavit signed by him is also part of one of respondents' exhibits. It is the attorney's testimony that nothing was ever said about appeal, and that he never considered appeal in view of Chapman's expressed desire to plead guilty. The court finds this testimony wholly credible, but not of dispositive consequence. Regardless of the efforts or intent of the trial counsel, the case *was* appealed without the assistance of an attorney, and therein lies the problem.

This case touches directly in a rapidly developing area of the administration of criminal justice. The decision of the Supreme Court in Douglas v. People of State of California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811 (1963), is the keystone to any analysis of the right to counsel on appeal. In that case, involving two men, the petitioners requested, and were denied, assistance of counsel on appeal, even though it plainly appeared they were indigent. The court held that this was a violation of the Fourteenth Amendment, the decision resting on both the Equal Protection and Due Process Clauses. The court reasoned that a state may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty.

■ A number of questions left unsettled by the Douglas case were disposed of so far as the Fifth Circuit is concerned in the more recent case of Pate v. Holman, 341 F.2d 764 (5th Cir. 1965). Without developing the procedural background of the case, suffice it to say that the essential issue determined by the court involved petitioner's complaint that he was unable to employ appellate counsel because of his indigency. The court disposed of the perennially recurrent problem of retroactivity in this field by holding that while the Douglas case is silent on the question of its retrospective effect, this Circuit will apply the case retrospectively. After collecting and collating all the relevant cases, the court distilled the following principles:

"At this point in the development of the law, an indigent's right to appellate counsel, which Douglas recognizes as an "absolute" right guaranteed under both the Equal Protection Clause and the Due Process Clause, is not absolute in the sense that the right to trial counsel is absolute. It is not necessary that the trial judge initiate action toward the appointment of appellate counsel by advising a convicted person of his rights or by making any inquiry as to his indigency, although such minimal action at the time of sentencing seems highly desirable. * * * For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the *State* deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge of the defendant's indigency and desire for appellate counsel."

The court granted petitioner's application for writ of habeas corpus, but upon rehearing modified the judgment to deny the petition and remand the cause. Pate v. Holman, No. 21,428, Fifth Circuit, 343 F.2d 546, March 31, 1965. The reason for the about-face of the appellate court was that the petitioner had not fully exhausted his state remedies on the point in question. The state courts had not had a chance to pass on whether the petitioner had been deprived of his constitutional right to appellate counsel

in light of the recent Supreme Court cases in the field.

The exhaustion requirement has been satisfied, however, in the instant case. The issue now being considered by this court was presented to the Texas Court of Criminal Appeals and rejected on June 17, 1963. That court had the opportunity to rule on the question of appellate counsel in light of the Douglas case, which was decided in March 1963, as well as Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (May 1963). Under those circumstances, this court feels constrained to view the original opinion in Pate as controlling. The procedural irregularity resulting in the Court of Appeals' reversing its original ruling in no way affects the interpretation of the controlling cases as regards the substantive legal question.

The issue, then, is whether petitioner has alleged and proved sufficient facts to bring himself within the rules outlined above. That petitioner was indigent is not denied. The chief point of contention is whether the petitioner ever advised the state that he desired counsel to be appointed on appeal. Petitioner's Exhibit No. 6 is a document filed by petitioner with the Texas Court of Criminal Appeals prior to the hearing on appeal. The document is styled "Motion for Appointment of Counsel," and reads as follows:

> "I, Charles Robert Chapman, am the Petitioner named herein; and am without legal counsel, or the money, chattels, or other assets to retain same,
>
> "That a 'prima facie' case of denial of 'Due Process of Law' has been made—
>
> "Wherefore, it is moved that Counsel be appointed to review, and correct the Application on file, and to represent the Petitioner hereafter on this Application(s).
>
> "So moved and prayed.
>
> "Charles Robert Chapman."

Petitioner urges that this was a request for appointment of counsel on appeal, while the respondents argue that this was only the request for the appointment of counsel in one of petitioner's numerous applications for writ of habeas corpus.

It is true, as the respondents urge, that this document is part of a series of documents, all of which are grouped, by petitioner, under the general heading, "Petition for Writ of Habeas Corpus." But a layman should not be penalized to the extent of a violation of his constitutional rights because of the title he gives to the documents he files with a court. At the time these documents were filed, petitioner was seeking an appeal from his convictions. Indeed, attached to the motion for appointment of counsel was a supplemental appeal brief. Whatever the nature of the remedy imagined or whatever the title applied thereto by the petitioner, it cannot be ignored that these papers were filed with the Texas Court of Criminal Appeals after that court had ruled that petitioner's appeal be noted, and before the appeal was heard. Those factors are sufficient so as to treat the papers, and the motion, as relating to the appeal which was heard by the court. The right to appeal from a criminal conviction may not be required by the Due Process Clause, McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 687 (1895), but when that appeal is provided, as it was in this case, it must meet the requirements of both the Due Process and Equal Protection Clauses. And to ignore petitioner's request for the appointment of counsel to handle the appeal, when it is known that petitioner is indigent, is to deprive petitioner of those constitutional guarantees.

The proper authorities were aware that petitioner was proceeding in forma pauperis, and were put on notice of his desire for counsel by the motion which the petitioner filed. That an attorney was needed is clear from the opinion of the Texas Court of Criminal Appeals. It was therein stated, "Appellant has filed a brief. It is evident that it was prepared without benefit of counsel

familiar with the rules of procedure." The failure to appoint an attorney to prosecute petitioner's appeal, under these circumstances, is a violation of petitioner's rights under the Fourteenth Amendment to the Constitution of the United States.

The original opinion in the Pate case indicated that the appropriate relief in cases of this nature was adequate appellate review of petitioner's conviction. It is, therefore, directed that an order be submitted to this court, adjudging that the petitioner, Charles Robert Chapman, be released from further custody in the event the state officials fail to provide the petitioner with adequate appellate review within a reasonable time. The petition for writ of habeas corpus will be denied upon all other grounds asserted by petitioner.

True copies hereof will be forwarded by the clerk to the attorneys of record, who will draft and submit judgment accordingly.