406 P.2d 177

**Faustino MORALES, Petitioner,**

v.

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 7965.**

Supreme Court of New Mexico.

Sept. 27, 1965.

Writ quashed and petitioner remanded to custody of warden.

Edward T. Johnson, Santa Fe, for petitioner.

Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM:

The petitioner was convicted of second degree murder and sentenced November 7, 1957 to imprisonment for a term of not less than three nor more than ninety-nine years. He has brought original habeas corpus in the Supreme Court asserting that his Fourteenth Amendment rights have been violated by reason of a denial of his right of appeal from the murder conviction.

Because of indigency, James F. Warden and John B. Walker were appointed to represent him in the district court where he was convicted of second degree murder by a jury of Eddy County, New Mexico.

John B. Walker testified in this proceeding that he talked to petitioner about an appeal immediately following the jury verdict and received the impression that petitioner did not want to appeal. He did not thereafter see petitioner. The record disclosed that when petitioner was later before the district court for sentence on November 7, 1957, he asked the court for an appeal, and was told to talk to his lawyers. Following sentence, the court again advised petitioner to talk to his lawyers about an appeal. Petitioner testified that he did talk to James F. Warden immediately following the sentence and that Warden agreed to see him later but did not thereafter come to see him, and no appeal was taken.

█ An appeal from a judgment and sentence in a criminal case is a matter of right in this State, but at the time of the sentence in this case the filing of an order of the district court granting an appeal was necessary to confer jurisdiction upon this court. Supreme Court Rule (5) (5), (§ 21–2–1(5) (5), N.M.S.A.1953) (amended to require only the filing of a notice of appeal as to cases filed after March 15, 1961). See William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126.

██ A review of the applicable decisions makes it clear that an indigent's right to appellate counsel is not absolute in the sense of the right to trial counsel. Pate v. Holman, 341 F.2d 764 (5th Cir.1965),

on rehearing 343 F.2d 546; Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456; and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. And, in state courts, the trial judge is not required to advise one convicted of a crime of his right to appeal. See Boskey, The Right To Counsel In Appellate Proceedings, 45 Minn. L.Rev. 783, 789 (1961).

The conditions under which a person convicted of a crime will be deemed to have been deprived of his Fourteenth Amendment rights respecting a review of his conviction are stated thus in Pate v. Holman, supra:

"* * *. For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the *State* deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge of the defendant's indigency and desire for appellate counsel. * * *"

A federal district court (M.D.Tenn.1963) held in Coffman v. Bomar, 220 F.Supp. 343, that failure of a defendant's court-appointed counsel to perfect an appeal within

the time permitted by law, rendered the conviction void as a denial of his right of appeal. That decision, however, turned upon a Tennessee statute placing definite responsibilities upon trial courts, reporters, clerks and court-appointed counsel regarding appellate review in criminal cases. Respecting the Tennessee statutory obligations of such court-appointed officers, Coffman said:

"* * * Thus, court-appointed counsel in such cases in a very real sense constitute a part of the system whereby the state in capital cases seeks to protect the indigent defendant with respect to an appellate review of his conviction. Having in these cases specific statutory duties to perform in connection with an appeal not imposed upon attorneys generally, any default on their part in this respect must be attributed to the state on testing the application of the Fourteenth Amendment."

■ New Mexico imposes no statutory duties upon its court-appointed counsel respecting post-conviction relief by appellate review of the conviction. Certainly, no greater duties are imposed in this State upon court-appointed counsel in that respect than upon employed counsel. We think the State may rely on the presumption that an accused's lawyer, whether employed or court appointed, will protect the rights of such person to an appeal. But that presumption is rebuttable. See Pate v. Holman, supra. Here, the petitioner has failed to rebut such presumption.

■ While indigent defendants convicted of crime are clearly entitled to have counsel appointed to represent them for a review of the conviction and to an appeal, John B. Walker testified in this case that in his opinion no reversible error occurred in the Morales trial and that no meritorious basis for appeal was present. Under such circumstances, the Colorado Supreme Court in Stanmore v. People, Colo.1965, 401 P.2d 829, said:

"* * * It is our firm conviction that while indigent defendants convicted of a crime are certainly entitled to have counsel appointed at State expense to represent them on review, Douglas v. [People of State of] California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, they are not entitled to require the State to search for counsel until one is found who will contend that there was error in the trial.

"This is in contrast to the rule which demands that everyone be afforded counsel at his trial. At the trial, the issue is guilt or innocence, and the determination of that issue must, by constitutional right, be by a

jury. On review, however, the issue is not guilt or innocence, but whether errors of law have been committed which warrant reversal of the conviction. When an able lawyer appointed by the State, after conscientious and diligent investigation, determines that no grounds of error exist, the defendant may, of course, continue to prosecute his writ of error, but not, in our view, with counsel paid for by the State. See Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331. * * *"

We find nothing indicating that the failure to assign counsel prior to a preliminary examination prejudiced petitioner's position in the district court. His plea in the district court, when represented by counsel, constituted a competent and intelligent waiver of the right to counsel before the examining magistrate. French v. Cox, 74 N.M. 593, 396 P.2d 423; Sanders v. Cox, 74 N.M. 524, 395 P.2d 353; Latham v. Crouse, 320 F.2d 120 (10th Cir.1963); Application of De Toro, 222 F.Supp. 621 (D.Md.1963).

It follows that the writ should be quashed and petitioner remanded to the custody of the respondent.

It is so ordered.