**John E. MORRIS, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–1–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

March 28, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by John E. Morris, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241. The petition, filed *in forma pauperis*, was ordered transferred to this court from the United States District Court for the Eastern District of Virginia, Richmond Division, on January 31, 1968.

On November 18, 1960, petitioner Morris was convicted of first degree murder

by the Circuit Court of Rockingham County, Virginia, Judge Hamilton Haas presiding. Pursuant to that conviction, a life sentence was imposed. No appeal was taken to the Virginia Supreme Court of Appeals. On June 29, 1966 the Circuit Court of Rockingham County granted Morris' request for a writ of habeas corpus returnable to that court. On January 24, 1967 the Circuit Court of Rockingham County, Judge Paul F. Holstein presiding, held a hearing wherein the petitioner was represented by court appointed counsel. After hearing the evidence the court denied the relief requested, dismissed the writ and ordered petitioner returned to prison. This judgment was appealed to the Virginia Supreme Court of Appeals and on December 4, 1967 the writ of error was denied.

Morris attacks the constitutional validity of his conviction on the following grounds:

(1) The trial court denied petitioner's motion for pretrial commitment and observation pursuant to Virginia statutory provisions but later allowed the petitioner to be examined by a privately retained psychiatrist at petitioner's own expense. This action, petitioner maintains, "deprived petitioner of equal protection and due process of law."

(2) Petitioner was denied appellate review of his conviction because of his counsel's failure to advise him of his right as an indigent to make an appeal *in forma pauperis.*

(3) Petitioner was denied the right to call witnesses to testify in his behalf in that petitioner requested his counsel to call a certain witness but counsel failed to do so.

■ All of these allegations were before the Virginia courts in the state habeas corpus hearing and the appeal taken therefrom. The petitioner has therefore properly exhausted his presently available state remedies as required by 28 U. S.C. § 2254, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and is properly before this court.

Turning to the petitioner's first allegation, the record reveals that sometime before petitioner's trial, petitioner's privately retained attorneys made a motion for petitioner's pretrial commitment and examination pursuant to the provisions of Virginia Code 19.1–228 et seq. According to the testimony of Mr. John Camblos, one of petitioner's attorneys, the motion was argued before the court, representations as to the evidence which could be produced were made and accepted by the court, and the motion was overruled. The attorneys later arranged to have petitioner examined at his own expense by psychiatrists at the University of Virginia Hospital. The petitioner maintains that in overruling the "duly filed" motion of his attorneys for pretrial commitment and examination the trial court committed error of a constitutional dimension. We disagree.

■■ A state prisoner, such as Morris, who alleges mental incapacity to stand trial is not entitled as a matter of right to pretrial commitment and examination at state expense under the provisions of Virginia Code 19.1–228 et seq. The use of this section has been held to be entirely discretionary with the trial court. Delp v. Commonwealth, 172 Va. 564, 200 S.E. 594 (1939); Wood v. Commonwealth, 146 Va. 296, 135 S.E. 895 (1926). It is equally well settled that the failure of the trial court to exercise such discretion is reviewable only in the event of clear abuse of judicial discretion. "To be sure, a denial of a motion for pretrial examination cannot be assailed except for abuse of discretion." Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963), citing Virginia cases.

■ Upon review of this case we cannot find that there was any such abuse of discretion. As was pointed out in Thomas v. Cunningham, supra, 313 F.2d at 940, in proceeding on a motion for pretrial commitment for observation and report, the petitioner is not required to prove actual insanity but only to adduce facts sufficient to create in the court's mind "reasonable ground to doubt his sanity." Code of Virginia, 1960, § 19.1–

229. This court is not prepared to say in retrospect that even this "comparatively light burden" was met and a *prima facie* case for commitment established when (1) no sworn medical testimony was introduced to show that the accused was incompetent to stand trial, (2) one of petitioner's attorneys testified in the state habeas corpus hearing that in the minds of both attorneys there was "not much question" of petitioner's capacity to stand trial and (3) petitioner himself testified in the state proceeding that his mental condition at the time of the trial was such that he was capable of assisting his counsel in the preparation of his defense. In light of these factors it cannot be seriously contended that the trial court's refusal to grant petitioner's motion was so arbitrary or unreasonable as to constitute a denial of due process.

■■ Turning to petitioner's second argument, it is, of course, well settled that an indigent is entitled to the assistance of counsel on direct appeal from a criminal conviction. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The indigent defendant, however, must take some positive action in seeking to have his appeal perfected. The cases from the Fourth Circuit and the Virginia Supreme Court of Appeals clearly illustrate that before the state becomes duty bound to furnish assistance of counsel in perfecting an appeal, the indigent defendant must exhibit to either his counsel or the trial judge both a desire to appeal his conviction and a lack of funds for that purpose. See Magee v. Peyton, 343 F.2d 433 (4th Cir. 1965); Newsom v. Peyton, 341 F.2d 904 (4th Cir. 1965); Clark v. Peyton, 207 Va. 444, 150 S.E.2d 533 (1966).

■ Letters by the petitioner sufficiently indicating a desire to appeal and inability to pay an attorney's fee have been found properly to invoke the right. Magee v. Peyton, supra, 343 F.2d at 435; Newsom v. Peyton, supra, 341 F.2d at 904; Thacker v. Peyton, 206 Va. 771, 146 S.E.2d 176 (1966). The courts have been no less willing to find a denial of this right when the petitioner's request for an appeal has been in oral rather than in written form. Clark v. Peyton, supra, 207 Va. at 447, 150 S.E.2d at 535 (1966). It is not necessary, however, for the indigent defendant to make a specific demand for counsel on appeal in order to invoke the right. Russell v. Peyton, 207 Va. 469, 150 S.E.2d 530 (1966). In that case the Virginia high court found that it could be "reasonably inferred" from the petitioner's conversations with his attorney that he wanted to appeal and that he indicated to counsel his desire to do so.

The record in the case before us shows that Mr. John Camblos and Mr. John Martin, two Charlottesville attorneys, were retained by Mrs. Eleanor Powell, petitioner's niece, to represent the petitioner at his trial. It is undisputed that the attorneys had their primary dealings with Mrs. Powell in the handling of petitioner's case, and that she paid not only a fee of $2000, but the attorneys' travel expenses and other costs. It is also undisputed that neither petitioner nor Mrs. Powell were ever advised of petitioner's right as an indigent to court appointed counsel on appeal. However, on the crucial issue of whether this right was properly invoked so that it became incumbent upon the attorneys to advise the petitioner of this right, the record discloses a considerable amount of conflicting testimony.

The petitioner does not suggest that his alleged desire to appeal his conviction was ever communicated to the trial judge, but petitioner does insist that his attorneys had ample notice of his desire to appeal and lack of funds to do so. Petitioner testified that before the trial he told Mr. Camblos that if he received a "severe sentence" he would want to appeal his conviction. Mr. Camblos denied that such a statement was ever made to him. Both attorneys testified that the only discussion they had with the petitioner on the question of an appeal occurred the night after his conviction. According to that testimony, the petition-

er was advised that while reversible error may have been committed in the trial an appeal appeared inadvisable to the attorneys because of the danger of a death sentence in the event a new trial should be granted. According to Mr. Martin's testimony the question of whether an appeal should be taken was left as something "to be considered by the petitioner" and "We (the attorneys) assumed we would hear from him through his niece." Both attorneys testified that no further communication concerning an appeal was ever received from either petitioner or Mrs. Powell, despite two letters to the latter urging her to advise them whether or not an appeal was desired.

The two letters, which were introduced into evidence by the respondent, indicated the attorneys' willingness to perfect an appeal for the petitioner if one were desired and the importance of a decision on the matter so that appropriate action could be taken within the prescribed period for taking an appeal. Both attorneys stated positively that no response to these letters was ever received from Mrs. Powell. Mrs. Powell's testimony is contradictory but more equivocal. She initially testified that she could not recall whether she ever wrote or told either Mr. Camblos or Mr. Martin that petitioner wanted an appeal but could not afford it. She subsequently testified, however, that she had in fact written the attorneys not to pursue an appeal because she lacked the money for additional attorneys' fees.

 The court has reviewed the applicable law and the record of the state habeas corpus proceeding and is of the opinion that, after a full and fair hearing in the state court in which to do so, the petitioner failed to sustain his burden of establishing that his constitutional right to an indigent appeal was properly invoked. It is well settled that a petitioner on habeas corpus has the burden of establishing the elements of his case by a preponderance of the evidence. Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937); Walker v. John-

ston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830 (1941). Even if this court should assume that petitioner's attorneys had sufficient notice of the limited financial resources of petitioner and Mrs. Powell to constitute an assertion of indigency, the court is convinced that the petitioner has not established by a preponderance of the evidence that his alleged desire to appeal his conviction was adequately conveyed, either directly or indirectly, to his attorneys. The most that can be said for the petitioner's case on the question of whether the petitioner or his niece ever made a specific indication to the attorneys of the alleged desire to appeal or whether facts and circumstances existed from which this desire should have been reasonably inferred by them is that the evidence is in equilibrium. For this reason the issue must be resolved against the party with the burden of proof, and the petitioner is therefore entitled to no relief on his charge that the right to counsel on appeal was denied him.

 Petitioner's third ground of attack upon the constitutional validity of his conviction is also rejected. The court in the state habeas corpus proceeding properly disposed of petitioner's argument that he was denied the right to have a witness called. On page 64 of the transcript, the court stated as follows:

> The only time that question is raised * * * is to determine whether the services rendered by the attorney were effective or ineffective and * * * the failure of an attorney to have witnesses summoned at the request of the defendant is purely a matter of trial tactics and does not go to determine his effectiveness of representation of his client.

Although the court did not cite Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964), the above quoted statement accurately summarizes the holding in that case.

None of petitioner's contentions provide an adequate basis of relief, and,

therefore, it is adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.