449 P.2d 791

**STATE of New Mexico, Plaintiff-Appellee.**

v.

**Michael W. GORTON, Defendant-Appellant.**

**No. 219.**

Court of Appeals of New Mexico.

Jan. 10, 1969.

**776**

Samuel Mandel, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Larry N. Smith, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

■ While represented by counsel, defendant pled guilty to issuing a worthless check and to embezzlement. The two offenses are unrelated. There was no direct appeal. His motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967) was denied without a hearing. He now appeals the order which denied post-conviction relief. The claims made, and our answers, are:

1. He is confined without due process of law. Defendant does not allege a factual basis for this claim. Absent a factual allegation, a claim of absence of due process fails to state a basis for relief. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968).

■ 2. His arrest on the worthless check charge was without a warrant. This provides no basis for relief. Illegality, if any, in defendant's arrest was waived by his guilty plea. State v. Baumgardner, 79 N.M. 341, 443 P.2d 511 (Ct.App.1968).

■ 3. He was not advised of his right to counsel either at the time of his arrest on the worthless check charge or during the subsequent police investigation [interrogation?]. Defendant does not claim that he was prejudiced by the alleged failure to advise him of his right to counsel; his claim is only that such advice was not given. This provides no basis for relief. Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Valadez, 79 N.M. 513, 445 P.2d 390 (Ct.App.1968).

■ 4. He was arrested in Illinois on the basis of a warrant from Bernalillo County and was extradited from Illinois without being advised of the charges against him. The record shows that defendant signed a "waiver of extradition" which stated his consent to return to New Mexico with New Mexico law enforcement officials. The record also shows that defendant acknowledged to an Illinois Circuit Judge that he voluntarily signed the waiver. But even if there had been an illegal extradition, such a claim provides no basis for relief; the claim was waived by the guilty plea. State v. Mosley, 79 N.M. 514, 445 P.2d 391 (Ct.App.1968).

■ 5. The counsel first appointed to represent defendant in connection with the worthless check charge was permitted to

withdraw as counsel. The attorney appointed to represent defendant in connection with the embezzlement charge was then appointed to represent defendant in connection with the worthless check charge. Defendant claims that permitting the withdrawal of the first attorney was " * * * uncalled for, and without good reason, * * *" resulting in prejudice to his " * * * rights of representation."

We do not intimate that a defendant has a right to pick and choose his court appointed counsel. Assuming, however, that he has some "right" as to who will represent him, the record shows there is no factual basis for this claim. There was a basis for allowing the first attorney to withdraw. This attorney had worked out an arrangement for defendant to make restitution in connection with some checks. Defendant not only failed to meet these arrangements; he issued an allegedly worthless check to a client of the first attorney. Further, as to prejudice, defendant declared to the trial court that he was satisfied with the representation by the second attorney.

6. Since the two offenses were unrelated, defendant asserts that he should have had two separate trials. He claims that one trial, on two unrelated charges, is illegal. Defendant's allegations do not accord with the record. He pled guilty to one of four worthless check charges; the other three were then dismissed. He pled guilty to one of two embezzlement charges; the other one was then dismissed. The pleas on the unrelated charges were accepted at the same proceeding, but there was no trial. His pleas waived trial. Accordingly, this claim provides no basis for relief. See State v. Daniels, 78 N.M. 768, 438 P.2d 512 (1968).

7. An appeal from a judgment and sentence in a criminal case is a matter of right. Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965). However, in state courts the trial judge is not required to advise the convicted defendant of his right to appeal. Morales v. Cox, supra. As to requirements under federal rules, see United States v. Smith, 387 F.2d 268 (6th Cir. 1967); Hannigan v. United States, 341 F.2d 587 (10th Cir. 1965).

Defendant claims that he was "refused an appeal". He does not base this claim upon lack of advice by the trial judge. He claims that upon being sentenced for the two offenses he asked his court appointed counsel to take an appeal and that counsel refused to do so. He alleges that he then asked the District Attorney's office to appoint counsel to take an appeal and that this request was refused.

The issue is a narrow one. This is not a case where there was an appeal but counsel was not appointed or did not pursue the appeal in accordance with standards announced by the U. S. Supreme Court. See Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), reh. den. 388 U.S. 924, 87 S. Ct. 2094, 18 L.Ed.2d 1377 (1967). It is not a case where a request for counsel on appeal was ignored or denied by the trial court. See Cruz v. Beto, 391 F.2d 235 (5th Cir. 1968); Chapman v. State of Texas, 242 F.Supp. 378 (S.D.Tex.1965).

Nor does defendant claim that no appeal was taken because of fraud or deceit on the part of counsel. See Bray v. United States, 370 F.2d 44 (5th Cir. 1966); Camp v. United States, 352 F.2d 800 (5th Cir. 1965). Nor is it claimed that counsel failed to advise defendant that he could appeal as an indigent. See State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967).

Defendant claims that he asked his counsel to take an appeal and this request was refused. He claims he asked the District Attorney's office for appointment of counsel to take an appeal and this request was refused. The issue is whether the denial of these alleged requests amounts to a denial by the state of defendant's right to appeal.

As stated in Pate v. Holman, 341 F.2d 764 (5th Cir. 1965):

" * * * State action is shown when a responsible official in the State's system

of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has kwowledge of the defendant's indigency and desire for appellate counsel. * * *"

Certainly court appointed counsel is a responsible official in New Mexico's system of justice. Further, until relieved, he has the duty of representing his client, the defendant. If, in fact, defendant did request counsel to appeal his conviction and counsel refused to do so, this is state action entitling defendant to post-conviction relief. See Morris v. Peyton, 283 F.Supp. 63 (W.D. Va.1968).

The District Attorney is also a responsible official in New Mexico's system of justice. Although representing the state and not the defendant, if in fact a request was made to the District Attorney's office for counsel to take an appeal, the District Attorney had the responsibility of bringing this request to the trial court's attention. A failure to do so would entitle defendant to post-conviction relief. See Pate v. Holman, supra.

Defendant's claims concern matters outside the record and are such that defendant is entitled to a hearing where he has the burden of proving them. Morris v. Peyton, supra; compare State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967). If defendant fails to establish that he made either of the alleged requests then he is not entitled to post-conviction relief.

If he proves either of the alleged requests then he has established that state action deprived him of his right to appeal. The appropriate relief would be to accord him that right. This could be done by vacating his present sentence and resentencing him so that a new appeal time would commence to run. United States v. Smith, supra; see Cruz v. Beto, supra.

The order denying relief without a hearing is reversed. The cause is remanded with instructions to grant defendant a hearing on his claim that he was denied his right to appeal his convictions and take such further action as may be necessary, consistent with the views expressed herein.

It is so ordered.

SPIESS, C. J., and OMAN J., concur.