P.2d 1004 (1968); State v. Chavez, 79 N.M. 741, 449 P.2d 343 (Ct.App.1968); State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct. App.1968). Defendant's motion set forth no basis for relief. The trial court could have denied the motion without any hearing and without the "discussion" between the court and counsel.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.

458 P.2d 812

**Ramon CHAVEZ, Appellant,**

**v.**

**STATE of New Mexico, Appellee.**

**No. 326.**

Court of Appeals of New Mexico.

Sept. 5, 1969.

Snyder H. Downs, Santa Fe, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

While represented by counsel, defendant pled guilty to the charge of assault by a prisoner. Defendant was incarcerated on a charge of which he was later acquitted. While so incarcerated he attempted an escape. During the attempt he assaulted the jailers. Thereafter, he pled guilty to assault by prisoner (§ 40A–22–16, N.M.S.A. 1953), and upon this conviction he was sentenced to the penitentiary. From this judgment and sentence there was no direct appeal.

Defendant filed a motion for post-conviction relief pursuant to Rule 93, § 21–1–1 (93), N.M.S.A. 1953 (Supp.1967). A hearing was held and the trial court found that "failure to advise this defendant of his right of appeal was in no way prejudicial to the defendant inasmuch as he entered a voluntary plea of guilty to one of the counts, the other two counts having been dismissed, and he entered such plea with full knowledge of the charge against him, of the effect of the plea of guilty and of the sentence which would be imposed upon him." Defendant appeals the denial of his motion.

1. Defendant contends that he did not knowingly or intelligently waive his right to appeal in that his rights were violated when neither court nor counsel advised him that he might appeal. Defendant admits the plea of guilty was made voluntarily and that he did not request an appeal.

An appeal from a judgment and sentence in a criminal case is a matter of right. But the trial judge, in the State courts, is not required to advise one convicted of a crime of his right to appeal. Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965).

Defendant was represented by counsel at the Rule 93 hearing. Both defendant's counsel and the trial judge questioned defendant regarding how he could benefit by an appeal. Defendant was unable to suggest any benefit he might have gotten from an appeal. Defendant's bare claim that counsel did not advise him that he could appeal, in the absence of any other showing, does not set forth a basis for post-conviction relief. State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967).

2. Defendant next contends that the conviction imposed was in violation of his constitutional rights because at the time he committed the offense to which he pled guilty, "he was confined in the City Jail on a charge for which he was later found not guilty by a jury."

This contention assumes that one is not legally committed until and unless one is convicted. This has already been settled to the contrary. State v. Garcia, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968).

3. Defendant next states that his "constitutional rights werè violated when the state filed escape charges against him."

When defendant pled guilty to Count II (assault by a prisoner), Count I and Count III (escape charge) were dismissed by the State.

Defendant must show the manner in which his constitutional rights were violated. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967). This he has failed to do.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.