467 P.2d 1005

Joe **BARELA**, Petitioner-Appellant,

v.

**STATE** of New Mexico, Respondent-Appellee.

No. 467.

Court of Appeals of New Mexico.

March 27, 1970.

Snyder H. Downs, Santa Fe, for petitioner-appellant.

James A. Maloney, Atty. Gen., Santa Fe, F. Stephen Boone, Asst. Atty. Gen., for respondent-appellee.

## OPINION

WOOD, Judge.

Denied post-conviction relief after an evidentiary hearing, Barela appeals. We consider seven issues, affirming as to all but one. On one issue, the question of a direct appeal, we remand to the trial court for a ruling on the question of indigency.

1. *Delay in being taken before a magistrate.*

■ The trial court found that defendant was not taken before a magistrate for two and one-half days after his arrest. This finding is not attacked; it is a fact in this appeal. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968). The trial court correctly concluded that this fact provided no legal basis for relief. There is no showing, in fact no claim, that the delay deprived Barela of a fair trial or that he was prejudiced in any way. State v. Helm, 79 N.M.

305, 442 P.2d 795 (1968); State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967).

2. *Witnesses at trial who did not testify at the preliminary hearing.*

■ The trial court found the State used certain witnesses at the trial who had not testified at the preliminary hearing. This fact provides no legal basis for relief. Pena v. State, 466 P.2d 897 (Ct.App.), decided February 20, 1970. The reason this fact provides no basis for relief is explained in State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967).

3. *Prejudicial publicity.*

■ Defendant claims he was unable to obtain a fair trial in Santa Fe County as a result of newspaper and radio publicity. The trial court found to the contrary. It could not have done otherwise on the evidence presented. There is no evidence of radio publicity. Barela testified: "According to the newspaper reports, I was charged with a violent crime, and I was directly put in such a way in the newspapers that I believe the people of Santa Fe County would have found me guilty, no matter what, with such hurting remarks to me by the newspapers." The newspaper articles are not in evidence.

The record does not identify the precise charge on which Barela was convicted, but it does disclose Barela committed a violent crime—he beat up a woman. Without the newspaper articles or evidence as to their contents, the trial court could not have found that the newspaper articles deprived Barela of a fair trial. Barela had the burden of proof. He did not meet this burden. State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969). See State v. Lindsey, 464 P.2d 903 (Ct.App.), decided December 5, 1969.

4. *District Attorney's remarks to the jury.*

■ The trial court found the District Attorney told the jury "'this might have been a murder case,'" or used words to that

effect. It also found the remark was not prejudicial to Barela. The findings—as to the remarks made and as to the lack of prejudice—are not attacked. Since, as a fact, the remarks were not prejudicial, State v. Reid, supra, the remarks present no appellate issue.

### 5. *Attorney's conflict of interest.*

■ Barela claimed that his attorney at trial represented another defendant and this other defendant testified against Barela. See State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966). This claimed conflict of interest was not established as a fact. The finding, not attacked, is that the attorney represented "* * * Defendant only at the trial." There is no factual basis for the claim. Patterson v. State, 465 P.2d 93 (Ct. App.), decided January 9, 1970.

### 6. *Incompetency of counsel.*

This involves several claims. The claims, and our answers, follow.

■ (a) His counsel at trial was court appointed. Although the trial court made no finding on this claim, the only evidence is that his attorney was retained counsel.

(b) His counsel was grossly incompetent. This is too vague to provide a basis for relief. Pena v. State, supra, and cases therein cited.

■ (c) Counsel did not adequately cross-examine witnesses for the State. This provides no basis for relief. State v. Ramirez, 464 P.2d 569 (Ct.App.), decided January 16, 1970 and cases therein cited.

■ (d) Counsel advised Barela to take the witness stand at his trial. This is asserted to demonstrate incompetency because by doing so Barela waived his privilege against self-incrimination. Further, it is contended that Barela's taking the stand "* * * made a difference to the trial jury." The unattacked finding of the trial court is: "That waiver of his right not to testify was not prejudicial to Defendant's interests." Even if we did not have the fact that no prejudice resulted from taking

the stand, the claim nonetheless provides no basis for relief. Advice to testify does not raise an issue as to whether the proceedings were a sham or mockery. See State v. Selgado, supra.

■ (e) Counsel did not perfect an appeal from Barela's conviction. The trial court's finding, unattacked, is that the attorney was not employed to perfect the appeal because of lack of funds. This raises no issue as to incompetency.

■ (f) Counsel did not advise defendant he could appeal as an indigent. This provides no basis for relief. State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App. 1967).

### 7. *Lack of a direct appeal.*

■ An appeal from a judgment and sentence in a criminal case is a matter of right. Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965); State v. Gorton, supra. Barela seeks post-conviction relief because there was no direct appeal.

Barela claims he was denied his right to an appeal by his attorney and by the courts.

(a) Denial of right to appeal by attorney. This claim is to be distinguished from issues 6(e) and (f). There the question of an appeal was considered only in connection with the asserted incompetency of counsel. Here, the issue is whether counsel deprived Barela of his right to appeal.

■ State v. Gorton, supra holds that if a defendant in a criminal action requests court appointed counsel to appeal his conviction, and counsel refuses to do so, such a refusal is State action entitling the defendant to post-conviction relief. *Gorton* is not applicable because Barela's counsel was employed counsel. The unattacked finding of the trial court is that counsel was not employed to perfect an appeal. There is no factual basis for the claim that counsel deprived Barela of his right to appeal.

(b) Denial of right to appeal by the courts. This claim has two parts.

■ (1) Barela claims the District Court and the Supreme Court denied him his right to an appeal because they failed to advise him of that right. How the Supreme Court became a part of this claim is explained in the following paragraph. This claim is not a legal basis for relief because the courts have no such duty. State v. Gorton, supra; Morales v. Cox, supra.

(2) Although not specifically stated, the hearing on the post-conviction motion fairly raised the question whether court officials deprived Barela of an appeal. Barela wrote to the "Supreme Court Justice" stating that he wanted to appeal. This letter was sent to and, according to the trial judge, filed with the District Court Clerk within the time required for taking an appeal. The notice was brought to the attention of the trial judge. The judge gave instructions that Barela's trial attorney be notified " * * * so that he may proceed. * * *" Apparently, this was not done. The attorney testified he received no notice from court officials, or from Barela, " * * * that he wanted to appeal."

The trial court was concerned about the failure to perfect the direct appeal but denied post-conviction relief because: (1) Barela was represented by employed counsel at trial; (2) Barela, taking his own appeal, failed to take any steps, such as filing a praecipe, to perfect the appeal; and (3) the trial judge was of the opinion there were no grounds for reversal of the conviction.

■ These reasons do not provide a basis for denying post-conviction relief because: (1) when Barela took his appeal, he did not have counsel; (2) if Barela was entitled to court appointed counsel, he is not to be penalized because of his failure to

carry out procedural steps which would have been performed by counsel; and (3) under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Eskridge v. Washington State Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958) an appeal is not to be denied on the basis of the trial court's opinion that no error occurred at the trial.

■ Here, Barela had filed a timely notice of an appeal. If in fact he was indigent at that time, he was entitled to be represented by court appointed counsel on his appeal. The trial court stated: " * * He mentions in his letter he can't pay costs. * * *" This, in our opinion, is a sufficient claim of indigency.

■ Knowing of the appeal, and the claim of indigency, the trial court failed to determine whether Barela was in fact indigent and entitled to court appointed counsel for the appeal. Barela is to be given a hearing to determine whether, at the time of his notice of appeal, he in fact was indigent. If indigent, he is entitled to post-conviction relief. What relief? The appeal which has not been perfected because of absence of counsel. See State v. Gorton, supra; compare State v. Barefield, 80 N.M. 265, 454 P.2d 279 (Ct.App.1969).

The cause is remanded with instructions to conduct a hearing on Barela's indigency when he took his appeal. If the trial court determines that Barela was not indigent at the time, then the order denying post-conviction relief will stand affirmed. If Barela was indigent, then counsel is to be appointed to perfect the direct appeal. State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966).

It is so ordered.

OMAN and HENDLEY, JJ., concur.