478 P.2d 537

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles Anthony FRENCH, Defendant-Appellant.**

**No. 9070.**

Supreme Court of New Mexico.

Dec. 21, 1970.

John F. Schaber, Deming, for defendant-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McKENNA, Justice.

The appellant filed motions under Rule 93 (§ 21–1–1(93), N.M.S.A.1953) in the District Court of Luna County, to vacate the judgments and sentences entered in criminal causes Nos. 2543 and 2544, in each of which the defendant, appellant herein, was convicted of second-degree murder upon his pleas of guilty. After hearing before the court, judgment was entered in both of said causes denying appellant's motions, from which he now appeals.

The first argument advanced by the appellant is that the defendant's counsel was incompetent. In support of that proposition, it is claimed that the record shows that (a) counsel was interested only in having the defendant enter guilty pleas; (b) that the defendant was never advised of his rights of appeal; (c) that counsel did not advise the defendant that the judge who resentenced him could be precluded from sitting

because the judge was the district attorney during the original criminal proceedings.

As to (a), the record shows that the defendant was represented by not one, but two attorneys; that he waived counsel at preliminary hearing; that his attorneys conferred with him extensively during all stages of the proceedings, including the resentencing. See French v. Cox, 74 N.M. 593, 595, 596, 396 P.2d 423 (1964). One indication of the concern of counsel was their inquiry into the defendant's sanity and the securing of a mental examination by competent physicians. We find no support for the general accusation that the attorneys desired only to discharge their duties by having the defendant plead guilty.

As to the second claim, (b), that he was never advised of his rights to appeal, this claim does not amount to an assertion that the appellant ever desired an appeal or was denied one. State v. Montoya, 81 N.M. 233, 465 P.2d 290, 291 (Ct.App. 1970) holds:

"* * * In this appeal, Montoya's counsel states that Montoya claims his trial counsel did not advise him of the right to appeal. If this is the claim it provides no basis for post-conviction relief. It is not a claim that he was denied the right to an appeal. State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App. 1967)."

Compare State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969).

No compelling authority has been cited that the failure to advise of the right to appeal a conviction and sentence on a guilty plea, standing by itself, establishes incompetency of counsel. The appellant cites only Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965), and Carlisle v. United States, 122 U.S.App.D.C. 240, 352 F. 2d 716 (1965), as supportive of a rule that failure to inform of the right to appeal constitutes inadequate counsel, but the Dillane case, supra, recognizes, 350 F.2d at 733, that the question has "elicited varying responses." See, for instance, Dodd v. United States, 321 F.2d 240, 246 (9th Cir.1963). We adhere to Chavez v. State, 80 N.M. 560, 458 P.2d 812 (Ct.App.1969), and Hernandez v. State, 81 N.M. 634, 471 P.2d 204 (Ct.App. 1970), wherein our Court of Appeals required the defendant to show a benefit he would have received from an appeal or prejudice suffered from lack of advice as to his rights.

As to (c), the third claim, that counsel failed to advise the defendant that he could object to the resentencing by the judge who was the district attorney who prosecuted him, Art. VI, § 18, of our Constitution provides:

"No justice, judge or magistrate of any court shall, *except by consent of all parties,* sit in any cause in which either of the parties are related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest." (Emphasis ours).

The record is abundantly clear that the defendant was aware that the Judge had been the prosecuting attorney; this was pointed out to him by the judge; his attorneys had discussed this with him prior to the resentencing, and the defendant specifically consented to the judge acting in the matter with full knowledge. Consent having been given by all parties, Art. VI, § 18, supra, was complied with and the circumstances above narrated preclude (c) as a basis for the claim of incompetent counsel.

The second point for reversal is that the defendant was induced to enter pleas of guilty by coercion, threats and a promise of leniency. Essentially, the evidence presented is the testimony by the defendant that his pleas were not voluntary; that counsel told him that if he didn't plead guilty to second-degree, he would die in the gas chamber for first-degree, and the testimony of the then district attorney that he told the lawyers "if they wanted to plead guilty to second-degree murder there would be an information charging second-degree murder."

The court specifically found that there was insufficient proof to support the allegation that the pleas were involuntary. The court chose to believe the testimony of the defendant's counsel and district attorney which was sufficiently substantial to support the findings that the defendant was represented by experienced, competent counsel at the time of voluntarily entering pleas of guilty with full understanding of the consequences. See French v. Cox, supra, 74 N.M. at 595, 596, 396 P.2d 423.

The situation here is not one where the pleas were induced by fear, threats or coercion, or promise of leniency, but is more aptly characterized as one of a choice presented to the defendant between two alternatives and a voluntary choice of a plea to a lesser charge. Very recently, in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (decided November 23, 1970), the Supreme Court of the United States made that distinction and reiterated the standard for determining the validity of guilty pleas:

"We held in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), that a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment. *Jackson* [390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)] established no new test for determining the validity of guilty pleas. *The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.* See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) ; Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 515, 7 L.Ed.2d 473 (1962) ; Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." (Emphasis ours.)

The order denying the defendant's motion for relief is affirmed. It is so ordered.

TACKETT and WATSON, JJ., concur.