480 P.2d 171

Daniel J. MAIMONA, Plaintiff-Appellant,

v.

STATE of New Mexico, Defendant-Appellee.

No. 540.

Court of Appeals of New Mexico.

Jan. 8, 1971.

Peter M. McDevitt, McDevitt & McDevitt, Gallup, for plaintiff-appellant.

James A. Maloney, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

WOOD, Judge.

Defendant appeals from a denial of post-conviction relief, § 21–1–1(93), N.M. S.A. 1953 (Repl. Vol. 4), after an evidentiary hearing. The three issues, and our answers, follow.

*Evidence to support finding that guilty plea was voluntary.*

In 1967, defendant pled guilty. No appeal was taken from the judgment of conviction and sentence entered following the plea. In 1968, defendant moved for post-conviction relief. Relief was denied without a hearing. Appealing, this court remanded for an evidentiary hearing. One of the matters to be considered at this hearing was whether defendant " * * * was deceived and coerced into making his guilty plea by the prosecution; * * * " State v. Maimona, 80 N.M. 562, 458 P.2d 814 (Ct.App.1969). An evidentiary hearing was held October 3, 1969, before Judge Zinn, who found that the plea of guilty was entered without coercion and deception by the prosecution. No appeal was taken from this finding or the order denying post-conviction relief. The order was entered October 20, 1969.

The current appeal is from a denial of defendant's second motion for post-conviction relief, entered June 18, 1970, by Judge Musgrove. Defendant claims there is no evidence to support Judge Musgrove's decision that Judge Zinn's findings in connection with the October 3, 1969 hearing were proper. The answer to this contention is that Judge Musgrove made no such finding.

Defendant did request a finding by Judge Musgrove that Judge Zinn's findings were not supported by substantial evidence. This request was refused. In contending the refusal of this requested finding was error, defendant asserts there was no substantial evidence that defendant's guilty plea was voluntary. Thus, it appears that defendant is attacking Judge Zinn's finding that the plea was entered without coercion or deception.

For two reasons Judge Zinn's finding is not before us for review. First, we assume (but do not decide) that the correctness of Judge Zinn's finding could be litigated at the hearing before Judge Musgrove. This issue was not among the issues that defendant's counsel stated were being presented at the hearing before Judge Musgrove. A review of the record shows that this issue was never mentioned during the evidentiary hearing. It appears for the first time in defendant's requested findings. Since the question of evidence to support Judge Zinn's finding was not an issue before Judge Musgrove, it would have been error if Judge Musgrove had ruled on this question. Coe v. City of Albuquerque, 76 N.M. 771, 418 P.2d 545 (1966). Defendant's requested finding on the question was too late to raise the issue. Fredenburgh v. Allied Van Lines, Inc., 79 N.M. 593, 446 P.2d 868 (1968). Since Judge Zinn's findings were not an issue at the hearing before Judge Musgrove, there is no basis here for a review of a non-existent issue. See State v. Flores, 79 N.M. 412, 444 P.2d 597 (Ct.App.1968).

Second, what defendant seeks is appellate review of the propriety of Judge

Zinn's finding. It is too late to obtain such a review. Judge Zinn's order was entered October 20, 1969. Even if we assume the notice of appeal from Judge Musgrove's decision is an appeal from Judge Zinn's decision (which it is not), the appeal is not timely under § 21–2–1(5), N. M.S.A. 1953 (Repl. Vol. 4). State v. Garlick, 80 N.M. 352, 456 P.2d 185 (1969); State v. Sedillo, 81 N.M. 622, 471 P.2d 192 (Ct.App.1970); State v. Flores, supra.

*Fairness of Judge Zinn's hearing.*

■ Defendant claimed before Judge Musgrove, and asserts here, that Judge Zinn was prejudiced against him, did not decide the issues on the evidence and was swayed by personal animosity toward defendant. On this basis he claims he did not receive a fair and impartial hearing and was deprived of due process. The only evidence in support of this claim is defendant's testimony that Judge Zinn showed prejudice through his decision and his sentencing of defendant and because defendant felt Judge Zinn should have ruled in his favor. Judge Musgrove found that defendant received a fair and impartial hearing. The record of the hearing before Judge Zinn fully supports Judge Musgrove's finding.

*Adequacy of representation by counsel.*

Defendant claims he was inadequately represented by counsel at the hearing before Judge Zinn. He makes three claims under this issue.

■■ First, he claims that counsel had not consulted with him prior to the hearing. The record is to the contrary; it refers to written correspondence in advance of the hearing and shows a consultation prior to the hearing. Defendant's claim then goes to the extent of the consultation. The amount of time counsel spent with defendant prior to the hearing provides no basis for post-conviction relief. State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct. App.1968) states: "* * * the competence and effectiveness of counsel cannot be determined by the amount of time counsel spent or failed to spend with defendant.

* * *" See also, State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct.App.1968).

■ Second, he claims that counsel did not subpoena a witness whose testimony was material to defendant's claim. The facts show no basis for this claim. The record shows counsel wrote to defendant and asked to be advised as to witnesses. Defendant declined to name witnesses in writing. At the time of the hearing, counsel indicated that he wished to have the testimony of one witness taken at a later date. The court refused to agree to this delay. Instead, it accepted as true that this one witness would testify as had been represented to the court. On the basis of this representation, the trial court found that testimony by defendant's fellow jail prisoners would corroborate defendant's testimony concerning his treatment in the county jail. There is no factual basis for the claim that counsel was inadequate in failing to subpoena a witness because counsel didn't know the name of the witness prior to the hearing and the representation as to the witness' testimony was accepted as true.

■ However, even if defendant had failed to subpoena a witness it would not establish inadequacy of counsel. The decision to call or not to call a witness is a matter of trial tactics and strategy within the control of counsel. Thus, a failure to call a witness does not establish inadequacy and provides no basis for relief. State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct. App.1970); see State v. Wilson, 82 N.M. 142, 477 P.2d 318 (Ct.App.), decided November 13, 1970.

■ Third, he claims counsel did not perfect an appeal from Judge Zinn's order denying post-conviction relief although requested to do so. While there was no appeal from the order denying relief, the record does not establish that defendant requested his court appointed attorney to appeal the order. The evidence and inferences therefrom are conflicting. Defendant testified that he requested counsel to appeal. Counsel's letter to defendant

shows that counsel advised defendant he could appeal; that his appointment ended upon the filing of Judge Zinn's decision; that he was not in the position to handle an appeal; and that if defendant desired "* * * to pursue this further, I would suggest that you again request Court-Appointed-Counsel." The record shows that defendant knew how to file an appeal; he took his own appeal in the earlier appellate proceeding. State v. Maimona, supra. In this case, he also wrote to Judge Zinn stating that he desired to appeal. However, this appeal was not timely filed.

There was no requested finding that counsel was asked to appeal Judge Zinn's decision. See § 21–1–1(52) (B) (a) (6), N.M.S.A. 1953 (Repl. Vol. 4). The requested finding was that defendant was not adequately represented by counsel at the hearing before Judge Zinn. Judge Musgrove found that he was adequately represented. This finding is supported by substantial evidence. Thus, to the extent Judge Musgrove was requested to make a finding concerning the request for an appeal, the factual finding is against defendant.

Although the facts dispose of this claim, we refer to the legal basis of the claim since defendant suggests there are no New Mexico decisions on the question of a court appointed attorney's "* * * duty to perfect the appeal if his client wants one. * * *" State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969) holds that court appointed counsel has a duty to represent his client until relieved and if a defendant requests counsel to appeal and counsel refuses to do so, this is State action entitling a defendant to post-conviction relief. See also, Barela v. State, 81 N.M. 433, 467 P.2d 1005 (Ct.App.1970). Under State v. Gorton, supra, counsel would have been obligated to represent defendant until relieved. Thus, if defendant had requested counsel to protect his right to appeal, counsel, being court appointed, would have been obligated to do so. If counsel had refused to take an appeal in this situation, we would have a denial of a defendant's right to appeal. Standing alone, however, this would not amount to a showing of inadequacy of representation by counsel. Ewing v. State, 80 N.M. 558, 458 P.2d 810 (Ct.App.1969).

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.