486 P.2d 69·

**Louis Lee ROBINSON, Petitioner-Appellant,**

v.

**STATE of New Mexico, Respondent-Appellee.**

**No. 649.**

Court of Appeals of New Mexico.

May 28, 1971.

David W. Bonem, Quinn & Bonem, Clovis, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Jay F. Rosenthal, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

This is an appeal from a denial of postconviction relief after a hearing. Section 21-1-1(93), N.M.S.A.1953 (Repl.Vol. 4). While certain findings of the trial court

are attacked, we need not consider them. The dispositive issue is whether the trial court could properly refuse to find that petitioner requested his court-appointed attorney to appeal his conviction. Since we hold that the trial court could properly refuse this requested finding, there is no factual basis for a claim that petitioner was denied his right to appeal his conviction. For the right to appeal, and the court-appointed attorney's obligation in connection therewith, see State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969). Compare Maimona v. State, 82 N.M. 281, 480 P.2d 171 (Ct.App.1971); Barela v. State, 81 N.M. 433, 467 P.2d 1005 (Ct. App.1970).

At the hearing on the post-conviction motion, petitioner unequivocally testified that after his sentencing he asked his attorney to appeal. The attorney had no recollection of such a request. Thus, petitioner's testimony is not directly controverted. Petitioner asserts the trial court erred in not accepting petitioner's testimony as true.

Even though testimony is not directly contradicted, the trial court is not always required to accept such testimony as true. For situations where the testimony need not be accepted as true, and New Mexico decisions applying this concept, see Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970). One of the situations where the testimony need not be accepted as true is when the testimony is " * * * subjected to reasonable doubt as to its truth and veracity, by legitimate inferences drawn from the facts and circumstances of the case. * * *" Samora v. Bradford, supra.

Here, inferences from the facts and circumstances of the case subject petitioner's testimony to reasonable doubt as to its truth and veracity. These facts and circumstances are: petitioner was convicted in October, 1963; the claim concerning a request to appeal was not made until June, 1970; between these two dates, petitioner brought a habeas corpus proceeding in

Santa Fe County District Court, another habeas corpus proceeding in the New Mexico Supreme Court, and a post-conviction proceeding under § 21–1–1(93), supra. See State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967).

The delay in asserting the claim now made and the failure to assert this claim in the habeas corpus and post-conviction proceedings are suspicious circumstances which cast doubt on the truth of petitioner's testimony. Patterson v. State, 81 N. M. 210, 465 P.2d 93 (Ct.App.1970); compare State v. Sandoval, 80 N.M. 333, 455 P.2d 837 (1969); State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967). Under these circumstances, the trial court was not required to accept petitioner's testimony as true and did not err in refusing the requested finding.

The order denying post-conviction relief is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.