427 P.2d 273

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Ramon VARGAS, Defendant-Appellant.**

**No. 8243.**

Supreme Court of New Mexico.

May 8, 1967.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

E. T. Johnson, Santa Fe, for appellant.

OPINION

CARMODY, Justice.

This is a post-conviction proceeding under our Rule 93 (§ 21-1-1(93), N.M. S.A.1953), in which the defendant has appealed from the trial court's denial of the relief sought.

In July of 1960, defendant, while a prisoner of the New Mexico State Penitentiary, was taken before the district court of Santa Fe County on the basis of an information charging three offenses. He pleaded guilty to one count thereof, the other two counts were dismissed, and he was sentenced to an additional term in the penitentiary. In June of 1966, he made a motion under Rule 93, supra, to vacate the judgment and sentence and to allow withdrawal of his plea of guilty. After making findings of fact and conclusions of law, the trial court denied the motion.

Defendant contends he was wrongfully convicted because he was not furnished a copy of the information twenty-four hours before being required to plead thereto, as provided in § 41–6–46, N.M.S.A.1953. It is claimed that the court erred in finding that the defendant was never "officially" served with a copy of the information, the purportedly erroneous implication being that he was served in some manner other than "officially," and, additionally, that it erroneously found that he possessed a copy of the information at the time he entered his plea.

We need only consider the statute upon which the appellant bases his claim, § 41–6–46, supra, and the language of Rule 93, supra, in order to determine that appellant's motion was properly denied.

Sec. 41–6–46, supra, provides that every person shall be furnished a copy of the information at least twenty-four hours before being required to plead thereto. The last sentence of the statute reads as follows:

"A failure to furnish such copy shall not affect the validity of any subsequent proceeding against the defendant if he pleads to the indictment or information."

The first part of Rule 93 reads as follows:

"A prisoner in custody under sentence of a court * * * claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of the United States, or of the Constitution or laws of New Mexico, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

We held in State v. Slayton, 1948, 52 N.M. 239, 196 P.2d 734, in effect, that failure to provide a copy of the information twenty-four hours prior to being required to plead could not be collaterally attacked.

By the express terms of the statute, the validity of the sentence was not affected by the failure to serve the copy, if there was such failure, and was not, therefore, in violation of the laws of New Mexico.

■ Appellant appears to suggest that the twenty-four-hour delay provided by·the

statute is a right akin to the constitutional right to the assistance of counsel. We cannot agree. It is a statutory right apparently designed to assure defendants a minimum time to prepare for trial, but it is implicit in the statute, and we have held, that it can be waived. State v. Gennis, 1937, 41 N.M. 453, 70 P.2d 902.

State v. Gennis, supra, is cited by appellant in support of his position. That case is distinguished from the present case because there the defendant demanded and was refused the twenty-four hours before being required to plead.

■ What we have said is sufficient to affirm the trial court's disposition of appellant's motion under Rule 93, supra. We add, however, that appellant has shown no prejudice from the failure to have an additional twenty-four hours before being required to plead, as provided in § 41–6–46, supra. He admittedly waived his right to the assistance of counsel, and has pointed to nothing which an additional twenty-four hours would have done for his case. Compare Morales v. Cox, 1965, 75 N.M. 468, 406 P.2d 177; French v. Cox, 1964, 74 N.M. 593, 396 P.2d 423; Sanders v. Cox, 1964, 74 N.M. 524, 395 P.2d 353.

The decision of the trial court is affirmed. It is so ordered.

COMPTON, J., and SPIESS, J., Court of Appeals, concur.