432 P.2d 838

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Flossie B. KNIGHT, Defendant-Appellant.**

**No. 8439.**

Supreme Court of New Mexico.

Oct. 23, 1967.

Walker & Hensley, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

Defendant is before this court on an appeal from an order denying her motion filed under Rule 93 (§ 21–1–1(93), N.M.S.A. 1953, (1967 Pocket Supp.). She appeared and testified at the hearing on her motion. The substance of the grounds of her motion is set forth in her points relied upon for reversal, and these points will be disposed of in their order of presentation in the brief in chief.

She was charged, tried and convicted, under the provisions of § 40A–16–11, N. M.S.A. 1953 (Repl. 1964), of having procured, received and concealed stolen property, knowing the same to have been stolen, and that the value of the said property was over $100.00 but not more than $2,500.00. She was sentenced to confinement in the New Mexico State Penitentiary for a term of not less than one year nor more than five years commencing November 12, 1965.

Her first contention is that she is entitled to have the remainder of her unserved sentence suspended, due to the condition of her health and because her daughter is expecting the birth of a child and needs defendant.

This point was abandoned at the hearing on her motion. Consequently, it is not properly an issue in this court. City of Clovis v. Southwestern Public Service Co., 49 N.M. 270, 161 P.2d 878, 161 A.L.R. 504 (1945). However, the matter of suspension of the remainder of her sentence could not properly be raised in these proceedings. The suspension of execution of a sentence, or any portion thereof, is not a matter of right in the defendant, but is a matter of clemency committed to the discretion of the sentencing court in the criminal proceedings. State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966). Proceedings under Rule 93 are civil and are not a continuation of the criminal proceedings. State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967).

Defendant's second contention is that when she was first taken before a justice of the peace on August 10, 1965, she was not informed of the charges against her or of her right to counsel.

■ She was represented by competent counsel when she was arraigned and pleaded not guilty before the district court on August 19, 1965. Any defect which may have occurred in the manner in which she was informed of the charge against her, or any failure by the justice of the peace to inform her of her right to counsel, was waived. State v. Raburn, 76 N.M. 681, 417 P.2d 813 (1966); State of Blackwell, 76 N.M. 445, 415 P.2d 563 (1966).

Her third contention is that she was not furnished a copy of the information at least twenty-four hours prior to her arraignment on the charges of which she was convicted, as provided by § 41–6–46, N.M. S.A. 1953. It appears she was furnished a copy of the information prior to her arraignment, but it was some time during the morning of the day on which she was arraigned.

The last sentence of the above-cited section of our statutes expressly provides:

" * * * A failure to furnish such copy shall not affect the validity of any subsequent proceeding against the defendant if he pleads to the indictment or information."

■ The record clearly indicates defendant entered a plea of not guilty. Her statutory right to be furnished a copy of the information at least twenty-four hours prior to being required to plead was one that she could and did waive, and any failure to timely provide her with a copy of the information cannot be collaterally attacked. State v. Vargas, 77 N.M. 764, 427 P.2d 273 (1967).

■ Her fourth contention is that her automobile and the automobile of another person were illegally searched by the officers at the time of her arrest. However, even if her contentions were true, there is no basis for granting relief from her con-

viction and sentence, because nothing taken from either automobile was used as evidence against her. State v. Elledge, 78 N. M. 157, 429 P.2d 355 (1967).

Her fifth contention is that she was questioned by the district attorney and the police without being advised of her rights to counsel and to remain silent. However, she gave no statement, other than to deny her guilt of the charges. She confessed to nothing, because she contended she knew nothing to tell.

■ A mere failure to advise defendant of her rights to remain silent and to counsel, without any showing of prejudice, is not sufficient basis for relief. She could not have been prejudiced. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); State v. Elledge, supra.

■ Her sixth point is that her rights were violated, in that her husband was prevented from employing an attorney for her by reason of threats made by the district attorney to her husband. She claims her husband told her that he had been informed by the district attorney that if he, the husband, hired a lawyer for plaintiff, that the district attorney would file charges against the husband.

There is nothing in the record but this bit of hearsay to support her claim, and the trial court found an absence of any evidence of threats by the district attorney. We are of the opinion that the finding is supported.

Besides, defendant was in no way prejudiced, because she was represented by competent counsel at all critical stages of the criminal proceedings.

■ Her other contention under this point is that the district attorney may have been partially responsible for the divorce obtained by her husband since her conviction and imprisonment. There can be no merit to this contention as a basis for relief.

Her seventh and final point is that her rights were violated by the district attorney in making derogatory remarks at the trial about her and her family.

Her testimony on this point is that her son told her that the district attorney had stated that her "oldest son had been in prison and brought up the family history." She does not claim to have heard these or any other derogatory remarks about her oldest son or her family. She neither claims nor is there any evidence that any comments were made concerning her failure to take the witness stand. Nothing is presented under this point to in any way evidence a violation of her rights.

The order denying her motion should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.