445 P.2d 390

The STATE of New Mexico, Plaintiff-Appellee,

v.

Rudy David VALADEZ, Defendant-Appellant.

No. 238.

Court of Appeals of New Mexico.

Sept. 13, 1968.

Frank M. Mims, Albuquerque, for appellant.

Montoya & Montoya, Joseph B. Zucht, Albuquerque, for appellees.

Brian Copple, Jennings & Copple, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

After a hearing, defendant's motion for post-conviction relief under § 21-1-1(93), N.M.S.A. 1953 was denied. He appeals.

### Evidence to support findings.

■ Making various specific attacks concerning lack of advice from his counsel, defendant claimed that his plea of guilty was involuntary and his representation by counsel was inadequate. The trial court found that defendant's guilty plea was made freely and voluntarily after full and adequate advice of counsel. There is substantial evidence to support this finding; defendant does not contend otherwise.

Because there are some conflicts in the evidence, defendant contends the evidence does not conclusively establish the finding. On the basis that the finding is not conclusively established, defendant claims that the trial court erred in denying him postconviction relief.

■■ This is a mistaken view of the basis for a factual determination. Findings of fact made after post-conviction hearings must be supported by substantial evidence. "Conclusive" evidence is not required. If the findings are supported by substantial evidence they are conclusive on appeal. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968) and cases therein cited.

### Lack of advice from police officers.

■ Defendant asserts, that when arrested, the officers did not advise him of his right to counsel or of his right to remain silent. There is nothing in the record indicating he made any kind of statement and there is no showing of prejudice resulting from this asserted lack of advice. Accordingly, there is no merit to this claim. State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967).

### Lack of counsel.

■ Apparently, in this appeal, defendant claims that he did not have counsel. The record shows that he had court appointed counsel at the juvenile court proceedings resulting in his transfer for criminal proceedings, at the preliminary hearing, arraignment and guilty plea, sentencing, revocation of suspended sentence, motion for post-conviction relief and this appeal.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.