449 P.2d 343

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Ray CHAVEZ, Defendant-Appellant.**

**No. 208.**

Court of Appeals of New Mexico.

Dec. 20, 1968.

William C. Bowers, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant was charged with unlawful possession of narcotics. A verdict of guilty was returned on March 9, 1966. On March 11, 1966, a supplemental information was filed, charging him with a prior conviction of unlawful possession of narcotics, and seeking punishment of him pursuant to the provisions of § 54–7–15(B), N.M.S.A.1953, which provides:

"54–7–15. *Penalties.*—Any person violating the foregoing sections [54–7–13, 54–7–14] shall, upon conviction thereof, be punished as follows:

" * * *

"B. For the second offense, or if in case of a first offense of a violation of any provision of this act [54–7–13 to 54–7–15] the offender shall have previously been convicted of any violation of the laws of the United States or any state, territory or district of the United States relating to narcotic drugs or marijuana, the offender shall be fined not more than two thousand dollars ($2,000) and imprisoned not less than five [5] years nor more than twenty [20] years."

A proceeding was held on March 11, 1966, at which defendant and his attorney were present. The supplemental information, charging defendant with a prior conviction on May 15, 1959, was read by the assistant district attorney. The court then asked defendant's attorney what he had to

say to this supplemental information. The attorney replied:

> "Your Honor, the defendant, as I understand it, wishes to admit that he is the same person as was convicted on May 15, 1959, and that he also admits that he was convicted on that other date."

The court then proceeded to question the defendant at length. Defendant advised the court that he wished to admit his prior conviction; that he did not wish a hearing on the supplemental information; that he was represented by an attorney in connection with the prior charge; that on May 15, 1959, he appeared with his attorney and entered a plea of guilty; and that he was sentenced to imprisonment for a term of from two to five years, of which he served three years.

The court then asked defendant's attorney if he had anything to say about the prior conviction, the present conviction, or the charges in the supplemental information. The attorney answered that he did not, and then stated: "* * * I think the Court has all the circumstances and facts before it and I have nothing further to say."

The court then asked defendant if he had anything to say before the court-imposed sentence under the supplemental information. Defendant's only response was to ask the court to give him "another break."

The court imposed the mandatory sentence of imprisonment for a term of not less than five nor more than twenty years.

Defendant appealed and his conviction was affirmed. State v. Chavez, 77 N.M. 274, 421 P.2d 796 (1966).

He is now before us seeking reversal of an order denying, without a hearing, his motion under Rule 93 [§ 21–1–1(93), N.M. S.A.1953 (Supp.1967)]. He seeks to have his sentence vacated on the grounds that he was not advised of his right to a jury trial, and was, therefore, deprived of the opportunity to try to a jury the question of the validity of his prior conviction. He relies on State v. Moser, 78 N.M. 212, 430 P.

2d 106 (1967), and State v. Dalrymple, 75 N.M. 514, 407 P.2d 356 (1965).

He concedes that the cases he relies upon involved proceedings under § 40A–29–7, N. M.S.A.1953, which prescribes procedures to be followed in the prosecution of habitual offenders. He also concedes that the provisions of § 40A–29–7, N.M.S.A.1953, are not applicable to proceedings under § 54–7–15(B), N.M.S.A.1953, which is above quoted and which is the section of our statutes under which his sentence was imposed.

■ ■ The Supreme Court of New Mexico discussed the differences between the Habitual Criminal Act and the Narcotic Drug Act, insofar as they relate to subsequent convictions, in State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966), and State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966). In State v. Rhodes, 76 N.M. 177, 413 P.2d 214 (1966), decided April 11, 1966, the court observed that § 54–7–15, N.M.S.A.1953, "* * * is completely lacking in any legislative direction as to procedures in the event of second or subsequent convictions * * *." The court rejected, as being of no assistance, a comparison between the Narcotic Drug Act and the Habitual Criminal Act. In setting forth what procedures must be followed to meet the due process requirement of essential fairness, the court held:

(1) There must be some pleading filed by the State, whether by motion or otherwise, by which defendant is given notice of the State's charges; and

(2) Defendant must be given an opportunity to be heard on the charges before an increased penalty can be imposed.

The procedures followed in the present case clearly met these stated requirements of essential fairness.

However, defendant urged, in his oral argument before us, that due process required that the procedures set forth in §§ 54–7–15.2 and .3, N.M.S.A.1953 (Supp. 1967), or comparable procedures, should have been available to him, and the court should have advised him of his right to have these procedures followed.

These sections of our statutes impose the obligation on district attorneys to file an information charging a person as an habitual offender, if it should appear that a person, convicted of our Narcotic Drug Act, has previously been convicted of any violation of the laws of the United States or of any state, territory or district of the United States relating to narcotic drugs or marijuana. The court must then cause such defendant to be brought before it, shall inform him of the allegations contained in the information and of a right to be tried as to the truth of the charges according to law. The defendant is required to say whether he is the same person as charged in the information, and, if he denies being the same person or refuses to answer, his plea, or the fact of his silence, must be entered of record, and a jury must be empaneled to determine if he is the same person as charged in the information and has been convicted of such crimes as are charged. If after being duly cautioned as to his rights, he confesses in open court that he is the same person and has in fact been convicted of such previous crimes as charged, then the court shall sentence him as prescribed in § 54–7–15, N.M.S.A.1953, for habitual offenders of the narcotic drug laws. In fixing the sentence the court must deduct from the new sentence all time actually served on the next preceding sentence, and the remainder of the two sentences shall run concurrently.

Even if it can be said that the procedures followed in the case at hand failed to meet the requirements of these statutes, the difficulty encountered in applying them to this case lies in the fact that these statutes did not become effective until May 29, 1966. They were enacted by the 1966 Legislature, which adjourned on February 18, 1966. No effective date thereof was designated by the Legislature. Therefore, they became effective ninety days after February 18, by virtue of Article IV, § 23 of the Constitution of New Mexico.

As above stated, the supplemental information was filed and the proceedings thereon were conducted on March 11, 1966.

There is nothing to indicate the Legislature intended these statutes should be given retrospective effect. Because they do confer a substantive right not theretofore available, their effect is prospective only. Clark v. Ruidoso-Hondo Valley Hospital, 72 N.M. 9, 380 P.2d 168 (1963); State v. Padilla, 78 N.M. 702, 437 P.2d 163 (Ct.App.1968). See also State v. Luna, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968); State v. Sedillo, 79 N.M. 255, 442 P.2d 213 (Ct.App.1968).

Since the files and records show defendant's contention, that he was denied due process, is completely groundless, it was not error for the trial court to deny the motion, to refuse to conduct a hearing thereon, and to fail to appoint counsel. State v. Sisneros, S.Ct. No. 8619, decided November 8, 1968; State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Decker, 79 N.M. 41, 439 P.2d 559 (1968); State v. Sanchez, 78 N.M. 25, 420 P.2d 786 (1966).

The order denying the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.