458 P.2d 810

Jewell EWING, Jr., Petitioner-Appellant,

v.

STATE of New Mexico, Respondent-Appellee.

No. 345,

Court of Appeals of New Mexico.

Aug. 29, 1969.

Leslie A. Williams, Clovis, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James V. Noble, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967) was denied. He appeals. The issues concern (1) adequacy of counsel; (2) failure of the trial court to provide defendant with a trial transcript; and, (3) the hearing on his motion.

*Adequacy of counsel.*

■ Defendant alleges that he had "hired counsel" at his trial. He contends the representation by retained counsel was so inadequate that he was denied due process. This claim is based on three grounds.

(a) Counsel's failure to impeach the testimony of a witness for the State. This provides no basis for postconviction relief. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967).

(b) Counsel "permitted" the trial judge to sentence him to the penitentiary. Defendant apparently claims he had a right to a suspended sentence. This is incorrect. Suspension of a sentence is a matter of clemency committed to the discretion of the trial court. Section 40A–29–15, N.M.S.A.1953 (Repl.Vol. 6); State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); see State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968). This claim is not a basis for postconviction relief.

(c) Counsel refused to appeal defendant's conviction though asked to do so. This is not a claim that the State denied him the right to appeal. See Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965); State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969); State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967). Defendant's claim is that his representation was inadequate because counsel did not appeal his conviction.

■ Standing alone, this does not raise an issue as to counsel's adequacy. We may speculate as to several reasons why no appeal was taken. The failure to appeal does not present an issue as to inadequate counsel unless defendant alleges prejudicial error which would have called for a reversal of his conviction. See United States ex rel. Maselli v. Reincke, 383 F. 2d 129 (2nd Cir. 1967). Defendant makes no such claim. This holding is not contrary to Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). There, petitioner claimed he had been improperly denied his right to appeal. *Rodriguez* held " * * * the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated." Here, the issue does not involve a denial of the right to appeal. The issue is the claimed inadequacy of counsel solely because an appeal was not taken. Without more, this does not state

a basis for relief under § 21–1–1(93), supra.

*Failure of the trial court to provide a trial transcript.*

 Defendant asserts the trial court erred in denying his request for a transcript of the trial. We disagree. Defendant's motion did not state a basis for post-conviction relief. A transcript of the trial could not have aided in the presentation of claims that did not state a basis for relief. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); State v. Hodnett, 79 N.M. 761, 449 P.2d 669 (Ct.App.1968).

*The hearing on the motion.*

The trial court appointed counsel to represent defendant in connection with his motion. According to counsel, he had a "discussion" with the trial court covering New Mexico decisions under § 21–1–1(93), supra, and this "discussion" was the only hearing held on the motion. Counsel asserts: (1) that in having this "discussion" he did not understand he was "in an actual hearing" in connection with the motion and (2) he did not understand "that discussion" would allow the trial court to determine the issues. Counsel states: "There can be no valid hearing as required by Rule 93 if counsel for petitioner did not realize he is in a hearing on the merits. * * *"

Defendant's argument goes beyond what the record shows. The order denying relief recites that a hearing was held on the motion. " * * * The court's recital is well nigh conclusive on the question. * * *" General Services Corp. v. Board of Commissioners of Bernalillo County, 75 N.M. 550, 408 P.2d 51 (1965).

 However, we will assume that the only hearing on defendant's motion was the "discussion" to which defendant refers. The trial court did not err in denying the motion after that discussion. No hearing is required on a motion under § 21–1–1(93), supra, if the motion alleges no basis for relief. State v. Lobb, 78 N.M. 735, 437

P.2d 1004 (1968); State v. Chavez, 79 N.M. 741, 449 P.2d 343 (Ct.App.1968); State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct. App.1968). Defendant's motion set forth no basis for relief. The trial court could have denied the motion without any hearing and without the "discussion" between the court and counsel.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.