467 P.2d 999

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Ray CHAVEZ, Defendant-Appellant.**

**No. 407.**

Court of Appeals of New Mexico.

March 27, 1970.

Turner W. Branch, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

Defendant was convicted of unlawful possession of narcotics. At the time of sentencing, March 11, 1966, a supplemental information was filed charging a prior conviction May 15, 1959, upon a charge of unlawful possession of narcotics. In open court defendant admitted that he was the same person who had been so convicted on May 15, 1959. Defendant was then sentenced to a term of not less than five, nor more than twenty years, in accordance with § 54–7–15(B), N.M.S.A.1953 (Repl. Vol. 8, Pt. 2).

On October 16, 1967, following the entry of judgment upon the supplemental information, defendant filed a motion seeking postconviction relief under Rule 93 (§ 21–1–1(93), N.M.S.A.1953 (Supp.1969). The motion was denied by the trial court and its action affirmed. State v. Chavez, 79 N.M. 741, 449 P.2d 343 (Ct.App.1968).

■ On June 30, 1969, defendant again filed a motion under Rule 93. This motion was denied by the trial court upon the ground that the allegations of the 1969 motion " * * * are the same as in the Motion filed on October 16, 1967." If the same issues were presented in the 1969 motion as had theretofore been presented and decided on their merits through the motion filed in 1967, the motion now being considered (1969 motion) was properly denied. State v. Lobb, 78 N.M. 735, 437 P. 2d 1004 (1968).

The 1969 motion challenges the legality of defendant's conviction in 1959 on the grounds: (1) that defendant " * * * was held incarated [sic] and under constant interrogation without advisement of his rights to free counsel and without the aid of counsel." (2) Defendant " * * *

**428**

was not appointed counsel until moments before preliminary hearing. Petitioner (defendant) claims inadaquate [sic] counsel for counsel could not have prepared in such a short time. Counsel didn't even talk to petitioner (defendant) before preliminary hearing." (3) Defendant " * * * was confronted with a deal in order for him to plead guilty. All other charges were to be dismissed if petitioner (defendant) would plead guilty to one. Petitioner (defendant) was an addict and sick and thought it best to go along with their deal to get out of jail and somewhere where he would be treated." The 1969 motion relates only to the legality of the 1959 conviction.

The 1967 motion attacks the propriety of defendant's admission " * * * that he was the same person who had been convicted on May 15, 1959." His contentions as expressed in the 1967 motion are: (1) that defendant had no prior knowledge of the supplemental information in which he was charged as an habitual criminal and was given no opportunity to confer with counsel with regard to its effect; (2) that he had no opportunity to discuss the consequences of a waiver of hearing on the matter and was not adequately advised thereon and did not understand and intelligently and knowingly waive his rights to a hearing on the issue of identity.

Consequently, it appears to us that the 1969 motion attacked the legality of the 1959 conviction; whereas the 1967 motion related to defendant's admission that he was the person convicted in 1959 and his subsequent waiver of a right to trial on this issue. Therefore, in our opinion, the trial court's denial of the 1969 motion without a hearing upon the ground that the allegation of that motion are the same as in the 1967 motion, is error. See State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967); State v. Blankenship, 79 N.M. 178, 441 P.2d 218 (Ct.App.1968).

From what has been said it follows that the determination of the trial court is incorrect and the cause is remanded to the trial court with instructions to vacate the order denying the motion and to proceed in a manner not inconsistent herewith.

It is so ordered.

OMAN and WOOD, JJ., concur.