487 P.2d 145

William R. WILSON, Plaintiff-Appellant,

v.

ALBUQUERQUE BOARD OF REALTORS,
Defendant-Appellee.

No. 666.

Court of Appeals of New Mexico.

June 18, 1971.

William R. Wilson, Albuquerque, pro se.
Dennis J. Falk, Modrall, Sperling, Roehl,
Harris & Sisk, Albuquerque, for appellee.

## OPINION

WOOD, Judge.

1. Matters not disclosed by the record
are not considered because they are outside
the scope of appellate review. Southern
Union Gas Company v. Taylor, 82 N.M.
670, 486 P.2d 606, decided June 7, 1971. 2.
Reed v. Melnick, 81 N.M. 608, 471 P.2d
178 (1970) sets forth the method for plead-
ing and proving libel. 3. Points on appeal
not argued and not supported with citation
to authority are deemed abandoned and

will not be reviewed. Novak v. Dow, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970). 4. Assertions of fact must be accompanied by references to the transcript. Section 21-2-1(15) (6), N.M.S.A.1953 (Repl.Vol. 4). These four items are applicable and dispose of this appeal.

Defendant, Albuquerque Board of Realtors, is a non-profit corporation. It has by-laws and rules applicable to its members and requirements for membership. It runs a multiple listing service under which property, primarily residential, listed by a participant in this service, is made available for sale by other participants in the service. A requirement for participation by a real estate broker is active membership in defendant corporation.

Plaintiff desired to participate in the multiple listing service as a real estate broker. He attempted to participate through a business association with a broker who was a member of defendant. He also sought membership in defendant. His business association with a member broker came to naught under defendant's rules and his membership applications were denied, also under the rules.

In processing plaintiff's membership applications, defendant caused a letter to be sent to voting members in which the recipient of the letter was asked to indicate if they had derogatory information concerning plaintiff. Various members so indicated. The apparent result was that defendant's membership committee submitted plaintiff's first two applications for membership to a vote "without recommendation." The third and fourth applications were affirmatively recommended by the membership committee.

Plaintiff sued defendant alleging libel, various non-statutory damage claims and a statutory damage claim under §§ 49-1-1 through 49-1-3, N.M.S.A.1953 (Repl.Vol. 7). In addition, plaintiff sought to enjoin defendant from denying plaintiff participation in the multiple listing service. The trial court granted defendant's motion for summary judgment. Wilson I [Wilson v. Albuquerque Board of Realtors, 81 N.M. 657, 472 P.2d 371 (1970)], reversed that summary judgment because the trial court failed to state its reasons for the summary judgment. However, defendant was given leave to renew its motion.

Upon remand, the motion for summary judgment was renewed and summary judgment was again granted with reasons stated in the judgment. Plaintiff's appeal from this summary judgment was filed with our Supreme Court but, by that court's order, was transferred to this court. Section 16-7-10, N.M.S.A.1953 (Repl.Vol. 4). In this court, plaintiff abandoned his claim for an injunction.

*Matters not disclosed by record.*

■ Plaintiff contends that after the Supreme Court remand, the trial court refused to hear the case. He does not claim that no proceeding occurred before the trial court. His claim of no hearing is directed at the length of time involved in the trial court proceeding, at what was allegedly discussed during that proceeding, the point in time in which defendant renewed its motion, and the asserted refusal of the trial court to hear additional arguments. These contentions are not supported by the record. Further, the summary judgment recites there was a hearing. In the absence of a record supporting plaintiff's arguments and the record recital that a hearing was held, we do not consider plaintiff's contentions. General Services Corp. v. Board of Com'rs, 75 N.M. 550, 408 P.2d 51 (1965); compare Ewing v. State, 80 N.M. 558, 458 P.2d 810 (Ct.App. 1969).

*Pleading and proving libel.*

■ The trial court ruled that the record failed to show any defamatory material. We agree. One response to defendant's letter was that plaintiff was "no good." Another response commented on plaintiff's background which was stated in the letter. The response asked why defendant didn't present all of plaintiff's history. Other than these two responses the

so-called derogatory information is not identified. In addition to the fact of "derogatories," plaintiff relies on the fact that the membership committee submitted his first two membership applications "without recommendation."

None of the above is a patent libel. There is neither pleading nor transcript reference indicating defendant knew or should have known of extrinsic facts which made any of the above a libel by innuendo. There is no claim of special damages. Under Reed v. Melnick, supra, the ruling on the libel claim is correct.

*Points not argued and not supported by authority.*

█ The trial court ruled that the non-statutory damage claims, apart from the libel, had been waived by plaintiff. In claiming this ruling was error plaintiff argues there can be no waiver of a right established by public policy. The public policy on which he relies, however, is that disclosed by §§ 49–1–1 through 49–1–3, supra. These statutes are the basis of his statutory damage claim and this statutory claim is separate and in addition to his non-statutory claims. Plaintiff advances no argument and cites no authority concerning waiver of the non-statutory claims. Since his only argument concerns a lack of waiver of the statutory claim, plaintiff is deemed to have abandoned his attack on the trial court's ruling concerning the non-statutory claims. Novak v. Dow, supra.

*Assertions of fact without transcript references.*

The statutory damage claim concerns an alleged combination in restraint of trade, an alleged combination tending to monopolize trade and the asserted civil liability of defendant to plaintiff on the basis that he was injured by the alleged combination. Sections 49–1–1 through 49–1–3, supra.

Assuming a claim has been stated, the New Mexico decisions are to the effect that there is no statutory violation unless the restraint of trade is unreasonable. Elephant Butte Alfalfa Ass'n v. Rouault, 33 N.M. 136, 262 P. 185 (1926); State v. Gurley, 25 N.M. 233, 180 P. 288 (1919).

In determining the question of unreasonableness, the courts have looked to the harm caused by the practice involved and the business excuse or justification for the practice involved. See Grillo v. Bd. of Realtors of Plainfield Area, 91 N.J.Super. 202, 219 A.2d 635 (1966).

█ Plaintiff does not claim the multiple listing service is harmful; he seeks to participate in its benefits. The harm on which plaintiff relies is economic harm to himself. Whether such a harm is sufficient we do not decide. The other aspect of "unreasonableness" is the justification for the practice.

Plaintiff argues that the practice was not justified but he gives us no transcript references supporting a lack of justification. On this issue, the only transcript references in his briefs either go to the practice involved or tend to justify defendant's practice. There is no reference to items which tend to show or raise a factual issue as to lack of justification.

Wilson I, supra, states: " * * * if the claimed error is the court's failure to properly consider evidence of record at the time of the motion appellant must state in his brief the substance of all evidence bearing upon the proposition with proper reference to the transcript." Plaintiff has not done this; his claim of no justification will not be considered. Section 21–2–1(15)(6), supra.

The result is that the summary judgment is to be affirmed on procedural grounds, without a consideration of the merits of the case. This procedural result is properly applied to plaintiff even though his appeal is pro se. " * * * Those who choose to plead or appear pro se are bound by all of the applicable procedural rules and enjoy no greater rights than those who employ counsel. * * * " State ex rel.

**720**

State Highway Commission v. Sherman, 82 N.M. 316, 481 P.2d 104 (1971).

The summary judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.