495 P.2d 388

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James Thomas HOGAN, Defendant-Appellant.**

**No. 832.**

Court of Appeals of New Mexico.

March 3, 1972.

Robert L. Christensen, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was indicted on two counts of attempted rape of a child (§§ 40A–28–1, 40A–9–4, N.M.S.A.1953 (Repl.Vol.1964)) and one count of contributing to the delinquency of a minor (§ 40A–6–3, N.M.S.A. 1953 (Repl.Vol.1964)). He pled guilty to the latter charge and was sentenced according to the statute. The two counts of attempted rape were then dismissed by the State. Subsequently, defendant filed a motion for a redetermination of the sentence, requesting probation on the basis of a psychiatrist's report which had been made prior to the plea of guilty. The trial court denied the motion and defendant appeals asserting: (1) The trial court erred in disregarding the psychiatrist's recommendation of probation; (2) The trial court erred in not committing defendant up to sixty days for diagnosis and recommendation

pursuant to § 40A–29–15(C), N.M.S.A.1953 (Repl.Vol.1964, Poc.Supp.1971); (3) This court should take judicial notice that no psychiatric or psychological help is available for defendant at the penitentiary.

We affirm.

 Defendant's first two points are controlled by the philosophy in State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966) and Ewing v. State, 80 N.M. 558, 458 P.2d 810 (Ct.App.1969). Deferring or suspending a sentence with subsequent probation " * * * is not a matter of right but is an act of clemency and committed to the discretion of the trial court." The record reveals that the trial court had before it a history of defendant. We cannot say as a matter of law that the trial court abused its discretion by not adopting the report of the psychiatrist or in not requesting diag-

nosis and recommendation from the Department of Corrections.

 Defendant further asks us to take judicial notice that no psychiatric or psychological help is available for him at the penitentiary. Defendant cites neither source nor reference for such a proposition and we have found none in our search. Section 21–1–1(44) (d), N.M.S.A.1953 (Repl.Vol. 1970); compare Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991 (1961). Absent a showing that judicial notice can be taken of such asserted facts, the assertion is not a matter for judicial notice.

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.