623 P.2d 587

**Willie ROGERS, d/b/a Willie's T. V. Service, Plaintiff-Appellant,**

**v.**

**CONSOLIDATED DISTRIBUTORS, INC., a corporation, Western Auto Associate Store, Inc., a New Mexico Corporation, and Zearl Young, Defendants-Appellees.**

**No. 4600.**

Court of Appeals of New Mexico.

Jan. 22, 1981.

C. Barry Crutchfield, Templeman & Crutchfield, Lovington, for plaintiff-appellant.

John T. Porter, Williams, Johnson, Reagan & Porter, Hobbs, A. W. SoRelle, III, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo, Tex., for Consolidated Distributing, Inc.

J. W. Neal, Neal & Neal, Hobbs, for Western Auto Associate Store, Inc. and Zearl Young.

## OPINION

WOOD, Judge.

Consolidated (Consolidated Distributors, Inc.) sells Quasar television sets to Young (Zearl Young and Western Auto Associate Store, Inc.); Young sells the sets at retail in Lea County. Plaintiff, who had been employed by Young in the servicing of television sets, terminated that employment and opened his own television business. Alleging that defendants had "willfully refused to sell Quasar television sets to Plaintiff", plaintiff sued for his alleged damages, claiming an illegal combination in restraint of trade in violation of § 57–1–1, N.M.S.A. 1978. The trial court granted summary judgment in favor of defendants, plaintiff appeals.

The issue is whether the summary judgments were proper; the resolution of this issue involves the substantive law of restraint of trade. The factual basis for resolution of the issue is narrow. Plaintiff's suit is limited to his claim that he should be able to *sell* Quasar television sets; he testified in his deposition that the servicing of Quasar sets is not involved in this litigation; he also testified that his asserted right to sell was limited to Quasar sets; that he had not sought arrangements to sell brands that compete with Quasar sets.

■ Plaintiff's view is that "as long as I am in business and can pay for the merchandise that I order" he is entitled to buy anything he wants from anyone selling that item. On the basis of this view, any refusal to sell Quasar television sets to plaintiff, or any agreement which prevents him from obtaining this brand amounts to an illegal restraint of trade. That this view is overbroad is well established. The refusal to sell, in itself, does not provide a basis for relief. "A . . . seller may . . . refuse to do business with any person or corporation unless such refusal would result in, or is designed to promote, unlawful activity." *Southwest Distributing v. Olympia Brewing*, 90 N.M. 502, 565 P.2d 1019 (1977); see *Anaya v. Las Cruces Sun News*, 455 F.2d 670 (10th Cir. 1972).

■ It is undisputed that there had been a long-standing relationship between Consolidated and Young. An aspect of the "refusal to sell" rule is the refusal to make a change in this relationship. This also, in itself, provides no basis for relief. As stated in *Aviation Spec., Inc. v. United Technologies Corp.*, 568 F.2d 1186 (5th Cir. 1978): "Standing alone, Pratt-Whitney's refusal to alter its long-established system to confer the advantages of distributorship upon ASI suggests nothing illegal whatsoever."

The propriety of the summary judgments depends on whether there were factual issues concerning an unlawful activity. Plaintiff contends there were two factual issues. We examine each of these contentions.

Plaintiff poses the question: "Was there a combination and/or agreement between Consolidated Distributors, Inc., and Western Auto Associate Store and/or Zearl Young to prevent sale of Quasar television sets to Rogers[?]"

Plaintiff asserts there were material questions of fact concerning this question. Defendants agree that there are questions of fact as to whether defendants agreed to prevent sale of Quasar television sets to plaintiff. Defendants' position is that these factual questions are not material.

■ For the purpose of determining the propriety of the summary judgments, defendants accept, as true, plaintiff's version of the facts. Plaintiff's version is that some preliminary conversations had occurred between plaintiff and employees of Consolidated toward plaintiff becoming a retailer of Quasars, that upon learning of these conversations, Young telephoned Consolidated and stated that if Consolidated supplied Quasars to plaintiff, then Young would no longer handle the Quasar brand. Assuming that a combination or agreement may be inferred from plaintiff's version of the facts, what was the unlawful activity?

*Oreck Corp. v. Whirlpool Corp.*, 579 F.2d 126 (2d Cir. 1978) states:

It is important to distinguish between "horizontal" restraints, i. e. agreements

between competitors at the same level of market structure, and "vertical" restraints, i. e. combinations of persons at different levels of the market structure, such as manufacturers and distributors. See *United States v. Topco Associates*, 405 U.S. 596, 608, 92 S.Ct. 1126, [1133] 31 L.Ed.2d 515 (1972). Horizontal restraints alone have been characterized as "naked restraints of trade with no purpose except stifling competition," *White Motor Co. v. United States*, 372 U.S. 253, 263, 83 S.Ct. 696, 702, 9 L.Ed.2d 738 (1963); and, therefore, *per se* violations of the Sherman Act. On the other hand, while vertical restrictions may reduce intrabrand competition by limiting the number of sellers of a particular product, competing for a given group of buyers, they also promote interbrand competition by allowing a manufacturer to achieve certain efficiencies in the distribution of its products, see *Continental T. V., Inc. v. GTE Sylvania, Inc., supra*, 433 U.S. [36] at 54, 97 S.Ct. 2549 [53 L.Ed.2d 568]. They are, therefore, to be examined under the *rule of reason* standard. (Emphasis in original.)

*Wilson v. Albuquerque Board of Realtors*, 82 N.M. 717, 487 P.2d 145 (Ct.App.1971) states: "In determining the question of unreasonableness, the courts have looked to the harm caused by the practice involved and the business excuse or justification for the practice involved."

Consolidated made an affirmative showing of reasonableness; this showing went to the success of Young in selling Quasar television sets in Lea County prior to plaintiff's efforts to obtain Quasars from Consolidated in order to sell at retail and compete with Young; the decline in Young's sales of Quasars as a percentage of sales of competing brands after plaintiff started his "agitation"; Consolidated's desire to retain the "strength" of Young as a retailer. Young also made an affirmative showing. It went to his advertising and the cost of advertising, and Young's fear of plaintiff taking a "free ride" on Young's advertising campaign.

Plaintiff advanced nothing in opposition to the affirmative showing of defendants; on appeal, he does not attempt to demonstrate that the business justification was insufficient or was in any way unlawful. There is no factual issue as to lack of justification. *Wilson v. Albuquerque Board of Realtors, supra*.

The only "harm" advanced by plaintiff is that he could make money from selling Quasars. However, such "harm" is an aspect of any refusal to deal which, in itself, is insufficient to provide a basis for relief. Such "harm" was insufficient to raise a factual issue as to an unlawful activity; summary judgment as to plaintiff's first question was proper.

The second question posed by plaintiff is: "Did such combination and/or agreement have the effect to restrict trade and/or control the price of Quasar television sets within the Lea County, New Mexico market[?]" This question is based on language appearing in § 57–1–1, supra, prior to a 1979 amendment. The 1979 amendment is not applicable to this case.

Defendants agreed that Consolidated provided Young with a suggested retail price for the Quasars; defendants agreed that Young was not bound by this suggestion; Young testified that his retail prices were dictated by the market and the competition. Plaintiff's showing supported the defendants; his showing was that Young's retail price was, at times, higher than Consolidated's suggested price. There is nothing indicating how often this occurred. The affirmative showing of defendants is that there was neither combination nor agreement to control retail price in Lea County; there is nothing in opposition to this showing. As to the claim of an agreement to "restrict trade", the showing was that Quasar television sets were sold in competition with other "leading brands", that at the national level, competing brands had a larger market share than Quasar, that Quasar's market in Lea County had declined since plaintiff's "agitation". Plaintiff offered nothing in opposition to this showing; summary judgment as to plaintiff's second question was proper.

Although the summary judgments were proper, we affirm only the summary judgment in favor of Consolidated. Young had filed a counterclaim against plaintiff and the record does not show a disposition of the counterclaim. Under R.Civ.Proc. 54(b)(1), these summary judgments were not appealable orders. Accordingly, plaintiff's appeal from the summary judgments in favor of Young and Western Auto Associate Store, Inc. is dismissed for lack of an appealable order.

Plaintiff is to bear the appellate cost.

IT IS SO ORDERED.

HERNANDEZ, C. J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

I concur.

This is one case where an award of summary judgment was clear and unmistakable as a matter of law as shown by Judge Wood's opinion.

*First*, plaintiff did not set forth all of the facts presented by defendants to establish whether they made a prima facie showing that defendants were entitled to summary judgment, and if so, whether plaintiff met his burden of establishing genuine issues of fact.

*Second*, plaintiff failed to cite any authority to support his position that defendants violated § 57–1–1, N.M.S.A.1978 on Restraint of Trade. Neither did plaintiff meet the challenge of the argument and authorities relied upon by defendants.

*Third*, plaintiff claims "that all allegations of pleadings of Willie Rogers are considered to be true and correct for purposes of Summary Judgment. *Reed [Read] v. Western Farm Bureau*, 90 N.M. 369, 563 P.2d 1162 (Ct.App.1977)." Plaintiff is mistaken. *Reed [Read]* does not stand for that proposition. *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892 (Ct.App. 1970) stands for the proposition that "[t]he verification of the complaint is a statement that the contents of the complaint are true; thus, in effect, an affidavit. . . . To the extent the verification is on information and belief, it is not made with personal knowledge" as required. [Id. 494, 468 P.2d 892.] Plaintiff's verification was made "to the best of his knowledge, information and belief." On the other hand "[w]here no answer has been filed and the summary judgment motion is not supported by affidavits, every allegation of the complaint must be taken as true." *Jacobson v. State Farm Mutual Automobile Ins. Co.*, 81 N.M. 600, 601, 471 P.2d 170 (1970).

*Fourth*, § 57–1–1 reads in part:

Every contract or combination between individuals, associations or corporations, having for its object or which shall operate to restrict trade or commerce or control the quantity, price or exchange of any article of manufacture or product of the soil or mine, is hereby declared to be illegal.

For an extensive discussion of this statute over half a century ago, see *Elephant Butte Alfalfa Ass'n v. Rouault*, 33 N.M. 136, 262 P. 185 (1928) and *State v. Gurley*, 25 N.M. 233, 180 P. 288 (1919). Inasmuch as neither the parties nor my colleagues have discussed these cases, I leave them hanging aloft. Of vital importance is Wechsler, *New Mexico Restraint of Trade Statutes—A Legislative Proposal*, 9 N.M.L.Rev. 1 (1978–79) which cites other New Mexico cases.

Plaintiff presents a sympathetic case, one in which, perhaps, a different remedy is available. Justice Jackson, in a concurring opinion, *Brown v. Allen*, 344 U.S. 443, 540, 73 S.Ct. 397, 427, 97 L.Ed. 469 (1953), said:

"... [W]e are not final because we are infallible, but we are infallible only because we are final."

Our Court is not final because it is fallible.